# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| EDWARD A. SOKOL, | * | |
| | * | No. 16-1631V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| v. | * | |
| | * | Filed: August 28, 2019 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | Attorneys' fees and costs, interim |
| Respondent. | * | award |

* * * * * * * * * * * * * * * * * * *

Jeffrey A. Golvash, Brennan, Robins & Daley, P.C., Pittsburgh, PA, for Petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, D.C., for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

On December 12, 2016, Edward Sokol ("Petitioner") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012). Petitioner claims that he suffered from a cerebral aneurysmal rupture after receiving an influenza ("flu") vaccine on January 22, 2014. Pet., filed Dec. 12, 2016, at 1. Petitioner's counsel of record is Mr. Jeffrey Golvash.

On May 3, 2017, the Secretary argued that compensation was not appropriate because petitioner's flu-like symptoms had resolved before he presented to the ER in February 2014, which suggests that petitioner's

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

inflammation had already ended.  Resp't's Rep. at 6.  The Secretary also argued that petitioner's expert, Dr. George A. Small, had failed to address this issue, cited no literature in support of his opinion, and ignored petitioner's hypertensive emergency in the ER, even though uncontrolled hypertension is a major risk factor for aneurysmal ruptures.  Id. at 5–6.

To develop his case, petitioner filed reports from one expert, Dr. George A. Small, a neurologist.  Exhibits 7, 9, 16.  In rebuttal, the Secretary filed reports from one expert, Dr. Steven R. Messé, a specialist in neurology and vascular neurology.  Exhibits A, C.  An entitlement hearing was held on April 3, 2019, where the experts testified.

On May 22, 2019, petitioner moved for an award of attorneys' fees and costs on an interim basis, requesting $63,191.00 in fees and $12,248.19 in costs, for a total of $75,439.19.  Pet'r's Mot. IAFC at 5.  **For the reasons that follow, petitioner is awarded $66,383.19.**

\*     \*     \*

The requested fees include work performed and costs incurred through May 7, 2019.  Id., Exhibit A at 10.  Petitioner argues that an award of interim fees and costs is appropriate in this case for two reasons.  First, petitioner argues that his claim satisfies the good faith and reasonable basis criteria.  Pet'r's Mot. IAFC at 3-4.  Second, he argues that the proceedings have been ongoing for "over three years" and that petitioner's counsel "has been working on the case since October 2014."  Id. at 4.

The Secretary filed his response to petitioner's motion on May 29, 2019.  Resp't's Resp.  The Secretary did not provide any objection to petitioner's request.  Id.  Instead, he stated that he "defers to the Special Master to determine whether or not petitioner has met both the legal standard for an interim fees and costs award as set forth in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008), and the statutory requirements for an award of attorney's fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B)."  Id. at 2.

This matter is now ripe for adjudication.

\*     \*     \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded his attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352. Since petitioner has not received compensation from the Program, he may be awarded "compensation to cover [his] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the reports and testimony from the expert petitioner has retained, Dr. Small, satisfy the reasonable basis standard. Over the course of three years, Dr.

Small wrote a total of three expert reports.  See Exhibits 7, 9, 16.  In his reports, Dr. Small proposed a causation theory linking the flu vaccine with petitioner's injury and responded to the Secretary's expert's, Dr. Messé, criticisms.  See Exhibit 16.  In addition, Dr. Small gave extensive testimony on the hearing date.  See Tr. 40:17–104:25, 106:12–166:21, 280:15–285:19.

### 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship."  Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.  Petitioner clears both hurdles.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.   Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Id. at 895, n.11.  A

4

petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioner has requested that his attorney and the paralegal who worked on his case be awarded forum rates consistent with the rates awarded previously by the Court and the analysis and findings in McCulloch.  Pet'r's Mot. IAFC at 4–5.  The Secretary does not dispute that petitioner's counsel is entitled to forum rates.

Petitioner requests that his attorney and the paralegal be compensated at the following hourly rates:

    Attorney Jeffrey A. Golvash
        2014 – $300
        2015 – $300
        2016 – $300
        2017 – $300
        2018 – $300
        2019 – $350

    Paralegal
        2015 – $130
        2016 – $130

---

[2] The 2015–2016, 2017, 2018, and 2019 Fee Schedules can be accessed at: http://www.cofc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

2017 – $130
2019 – $130

The Court has previously held that Mr. Golvash's and his paralegal's rates for 2014–2018 are reasonable.  See, e.g., Homick v. Sec'y of Health & Human Servs., No. 15-1529V, 2018 WL 3991376, at *13 (Fed. Cl. Spec. Mstr. Jun. 26, 2018); Koebler v. Sec'y of Health & Human Servs., 2018 WL 5276580, at *1 (Fed. Cl. Spec. Mstr. Sept. 7, 2018).  Therefore, the undersigned finds these rates to be reasonable.

The undersigned also finds Mr. Golvash's and his paralegal's rates for 2019 reasonable.  In 2019, Mr. Golvash had 19 years of experience in practice and his $350 hourly rate therefore falls within the rates approved for attorneys with 11–19 years of experience.[3]  Additionally, his paralegal's rate remained unchanged and is thus reasonable.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

Mr. Golvash's time entries provide ample detail to assess reasonableness.  Although most tasks are appropriate for an attorney, Mr. Golvash has billed time for clerical work.  Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates.").  Clerical and administrative work includes tasks such as setting up meetings, reviewing invoices, and filing documents, "for which neither an attorney nor a paralegal should charge."  Hoskins v. Sec'y of Health & Human Servs., No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); see also Floyd v. Sec'y of Health & Human Servs., No. 13-556V, 2017 WL 1344623, at *13–14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed

---

[3] The approved rates for that bracket are $324–$405.  See http://www.cofc.uscourts.gov/node/2914.

by paralegals were clerical/secretarial in nature. Examples include scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system."); Silver v. Sec'y of Health & Human Servs., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Mr. Golvash consistently billed time for reviewing routine orders, namely notices of filing, notices of appearance, and brief status orders. He also billed for preparing notices of filing, scanning and numbering exhibits, organizing exhibits in folders, and preparing exhibit lists. Therefore, the hours Mr. Golvash charged for clerical work will not be compensated, resulting in a reduction of $3,000.00.

The invoices also reveal that Mr. Golvash billed a total of 52.50 hours for reviewing the file and records and preparing petitioner's 12-page prehearing brief. "Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The hours Mr. Golvash charged to prepare such a short brief are excessive and a 20 percent reduction is therefore warranted, resulting in a decrease of $2,756.00.

Accordingly, taking into account the fee reductions described above, petitioner is awarded attorneys' fees in the amount of $57,435.00.

    C.    Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requested $12,248.19 in attorneys' costs, consisting of acquiring medical records, ordering court transcripts, paying the court filing fee, postage, and acquiring the services for one expert. Pet'r's Mot. IAFC, Exhibit A at 10–11. For the non-expert-related costs, the undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full.

For the expert-related costs, petitioner has requested compensation for the expert fees of Dr. Small. Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable

number of hours.  See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).  Dr. Small billed 6.5 hours of work at a rate of $500 per hour for the preparation of expert reports.  Pet'r's Mot. IAFC, Exhibit A at 18, 22, 24.  A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work.  Sabella v. Sec'y of Dep't of Health & Human Servs., 86 Fed. Cl. 201, 218-25 (2009).  Here, in his first expert report, which was only three pages long, Dr. Small gave a summary of petitioner's medical history and generally linked the flu vaccine to petitioner's injury, without providing a causation theory or supporting medical literature.  In his second report, which was two pages long, Dr. Small responded to Dr. Messé's report but failed to propose a causation theory linking petitioner's injury to the flu vaccine.  It was not until his third report, which was five pages long, that Dr. Small finally clarified vaccine causation and the basis for his causation opinion.  In light of his performance, Dr. Small's hourly rate is reduced to $300.  The reduction in hourly rate is also based, in part, on the poor invoices Dr. Small created, which lack detail by not listing any specific activities done in preparing his expert reports.

Dr. Small also billed a flat rate of $5,000 for his full-day appearance at the entitlement hearing on April 3, 2019.  Id. at 33.  Special masters do not typically accept flat-rate charges.  The undersigned is aware that the hearing lasted nearly eight hours and that, before the hearing, Mr. Golvash spent time with Dr. Small to prepare.  See Pet'r's Mot. IAFC, Exhibit A at 9.  Consequently, a reasonable rate for Dr. Small's work on April 3, 2019, is $3,000.00, an amount that is consistent with the reduction to his hourly rate.

In sum, petitioner is awarded attorneys' costs in the amount of $8,948.19.

\* \* \*

Accordingly, petitioner is awarded:

**A lump sum of $66,383.19 in the form of a check made payable to petitioner and petitioner's attorney, Jeffrey A. Golvash.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a

motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).